IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,463-01






EX PARTE JOSE LUIS GONZALEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1249692 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to 180 days years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that counsel failed to advise him of the deportation
consequences of his guilty plea. Padilla v. Kentucky, 559 U.S. 356 (2010). Counsel responded in
a sworn affidavit, and the trial judge found his affidavit credible, signed findings of fact and
conclusions of law on April 11, 2013, and recommended that we deny relief. On May 8, 2013, we
adopted the trial judge's findings of fact and denied relief. 

 On May 13, we received a supplement from the Harris County District Clerk. It included a
motion Applicant filed in the trial court to set aside the trial judge's findings and conclusions; an
order the trial judge signed granting this motion; and new findings and conclusions, prepared by
Applicant and signed by the trial judge on May 1, 2013, recommending that this Court grant relief
on Applicant's ineffective assistance of counsel claim. 

 We now reconsider on our own motion our previous denial of this application and remand
it for further findings and conclusions. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115
(Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial judge may order counsel to respond a second time to Applicant's claim. 
The trial judge may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial judge elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial judge shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial judge shall resolve the inconsistencies in his April 11 and May 1 findings and
conclusions. He shall state whether he continues to believe that counsel's affidavit is credible and,
if not, why he no longer believes this. He shall also state why his recommendation to deny relief has
changed. He shall also make any other findings of fact that he deems relevant to his April 11 and
May 1 findings and conclusions.

 This application will be held in abeyance until the trial judge has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial judge's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish